MEMORANDUM **
Dwayne Lamont Burgess, a California state prisoner, appeals pro se from the district court’s summary judgment for defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Toguchi v. Chung, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.
The district court properly granted summary judgment to defendant Chisum because evidence of medical misdiagnosis *35 and difference of medical opinion are insufficient to show deliberate indifference. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (explaining that negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner’s Eighth Amendment rights), rev’d on other grounds, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc); Sanchez v. Vild, 891 F.2d 240, 241-42 (9th Cir.1989) (holding that a difference of opinion regarding the best course of medical treatment does not amount to deliberate indifference).
The district court properly granted summary judgment to defendants Bledsoe, Pugh and Johnson because Burgess failed to raise a genuine issue of material fact as to whether the defendants disregarded a serious medical need or whether a delay in or denial of treatment resulted in further injury. See McGuckin, 974 F.2d at 1060.
The district court did not abuse its discretion by denying Burgess’s motion for appointment of counsel because Burgess did not demonstrate exceptional circumstances. See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir.2004).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.